1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROSEMERE NEIGHBORHOOD
ASSOCIATION; and CLARK COUNTY
NATURAL RESOURCES COUNCIL,

Plaintiffs,

v.

CITY OF VANCOUVER,

Defendant.

Case No. C04-5667RBL

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND AND
CONTINUING CASE SCHEDULE

This matter is before the court on the Plaintiffs' Motion to Amend their complaint. [Dkt. #42] The case is a citizens' suit under the Clean Water Act, 33 U.S.C. §1365 ("CWA"), in which Plaintiffs allege that the City of Vancouver has violated and is violating the CWA by its discharging stormwater containing pollutants into Lake Vancouver, Burnt Bridge Creek, and the Columbia River, without the allegedly required National Pollutant Discharge Elimination System ("NPDES") Permit.   Plaintiffs now seek to add a CWA claim based on alleged discharges which are not composed entirely of stormwater, including those from septic systems and the like.

Defendants oppose amendment. They argue that the new claims are factually complex (unlike the legal issues raised in the plaintiffs' stormwater claims) and factually distinct from the issues raised thus far.  They emphasize that the discovery cutoff is fast approaching, as is the December trial date.  They urge the court to allow the current case to proceed in its current form, and to allow the Plaintiffs to bring a separate action ragarding the claims sought to be added here, in another litigation.

ORDER
Page - 1

1    The court agrees[1] that the claims will add to the factual complexity of the case, and that the discovery

2    cutoff is too close for the claims to be adequately explored if that date does not change.  At the same time, it

3    is clear that leave to amend shall be freely given under Fed. R. Civ. P. 15(a), and the defendants do not argue

4    that the claims are futile, time barred, or otherwise not amenable to a merit-based adjudication in some forum.

5

6    While it may delay the overall resolution of the litigation, the court believes that the best and most

7    efficient course is to have all of the plaintiffs' CWA claims against the defendants resolved in this litigation.

8    The Plaintiffs' Motion to Amend [Dkt. #42] is therefore GRANTED.  The case schedule previously established

9    by the court (including the December 5, 2005 trial date) is VACATED and a new schedule will be forthcoming.

10

11

12    DATED this 1st day of July, 2005

13

14

15

_____
RONALD B. LEIGHTON
16    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28    [1]The court is not persuaded one way or the other by the allegations of who said what to whom with respect to the plaintiffs' intention to add the current claims, or by the trial strategy of the parties with respect to discovery that has or has not been conducted to date.

ORDER
Page - 2